UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN D. ROBERTS, | : |
| Plaintiff, | : |
| v. | : Civil Action No. _____ |
| NANCY A. BERRYHILL, in her capacity as Acting Commissioner of the Social Security Administration, | : |
| Defendant. | : |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff John D. Roberts ("Mr. Roberts") hereby brings suit against Nancy A. Berryhill, in her capacity as Acting Commissioner of the Social Security Administration (the "SSA"), seeking declaratory and injunctive relief to remedy the SSA's violation of Mr. Roberts' Fifth Amendment equal protection rights.

### NATURE OF THE ACTION

1.      A Pennsylvania court, on September 26, 2016, ruled that Mr. Roberts and his late spouse, Bernard O. Wilkerson ("Mr. Wilkerson"), entered into a valid and enforceable marriage under the laws of the Commonwealth of Pennsylvania on July 4, 1990 and remained married until the death of Mr. Wilkerson on December 22, 2015.  At the time of the ruling, by all known accounts, their marriage dating back to July 4, 1990 was oldest court-recognized same-sex marriage in the United States.

2.      The SSA was a party to the court action that resulted in recognition of Mr. Roberts' marriage to Mr. Wilkerson dating back to July 4, 1990.  After the ruling, the U.S. Attorney's Office for Eastern District of Pennsylvania issued a statement, declaring: "Now that

the petition has been granted, any application by Mr. Roberts for Social Security death benefits will be processed and evaluated by the SSA in light of the court's order recognizing the validity of the common-law marriage between Mr. Roberts and Mr. Wilkerson."

3. Despite the U.S. Attorney's Office's statement, the SSA has refused to recognize Mr. Roberts' marriage to Mr. Wilkerson for purposes of Mr. Roberts' application for Social Security benefits, reasoning that "there has not been a policy interpretation ruling on PA Common Law Same-sex marriages."

4. The SSA has refused to recognize the marriage despite 42 U.S.C. § 416(h)(1)(A)(i)'s command that the SSA apply the law of the State to determine the validity of a marriage, and despite the U.S. Supreme Court's ruling in *United States v. Windsor*, 133 S. Ct. 2675 (2013), that the Fifth Amendment prohibits a federal government agency from declining to recognize a same-sex marriage that is valid under a State law.

5. Mr. Roberts now seeks a declaration that his marriage to Mr. Wilkerson dating back to July 4, 1990—which is recognized as valid in Pennsylvania—is valid for purposes of his application for Social Security benefits. Mr. Roberts also seeks a writ of mandamus requiring the SSA to decide Mr. Roberts' application for Social Security benefits based on his July 4, 1990 marriage to Mr. Wilkerson. In addition, Mr. Roberts seeks to permanently enjoin the SSA from refusing to recognize same-sex common law marriages that are recognized as valid by a State court.

## JURISDICTION AND VENUE

6. Jurisdiction is proper under 28 U.S.C. §§ 1331, 1346, 2201(a), and 2202.

7. This action is not inconsistent with the requirements of 42 U.S.C. § 405(g) because Mr. Roberts submitted an application for benefits to the SSA and because this action

involves an issue of constitutional law that is collateral to the ultimate determination of benefits and is thus unsuited for resolution by the SSA.

8. Venue is proper in this Court under 28 U.S.C. § 1391(b), (e)(1). Mr. Roberts resides in this judicial district, and a substantial part of the events or omissions giving rise to the action occurred in this judicial district.

## THE PARTIES

9. Plaintiff John D. Roberts (age 64) is a citizen of the United States. Mr. Roberts resides and is domiciled in Philadelphia, Pennsylvania.

10. Defendant Nancy A. Berryhill is the Acting Commissioner of the SSA. In her official capacity, Commissioner Berryhill is charged with administering and supervising all benefit programs administered by the SSA nationwide. Commissioner Berryhill is sued in her official capacity as Acting Commissioner.

## THE FACTS

11. Mr. Roberts and Mr. Wilkerson knew each other as acquaintances in the 1970s and re-connected in 1990 while Mr. Roberts was a student at Villanova University.

12. On July 4, 1990, Mr. Roberts and Mr. Wilkerson exchanged words in the present tense with the intent of establishing a marriage. They decided expressly that they would live together from that point forward as a couple.

13. Although Mr. Roberts and Mr. Wilkerson had been living together in a committed relationship for many years prior, on September 1, 2015, they completed a self-uniting marriage recognized under Pennsylvania law. Exhibit A at 6.

14. Mr. Wilkerson passed away on December 22, 2015, as a resident of Pennsylvania. *Id.* at 7.

15. On February 8, 2016, Mr. Roberts completed an application for Social Security benefits, including widower's insurance benefits under 42 U.S.C. § 402(f). *Id.* at 8-16.

16. Recognizing that the SSA defines a "widower" as someone who was married to the deceased "for a period of not less than nine months immediately prior to the day on which" the spouse died, 42 U.S.C. § 416(g), Mr. Roberts' application stated: "My spouse and I were living together and [sic] common law marriage since 07/04/1990." *Id.* at 11.

17. On February 22, 2016, Mr. Roberts received a letter from the SSA stating that he was only entitled to a one-time $255 benefit stemming from Mr. Wilkerson's death. The letter stated that "[t]his is the only benefit you can receive from us at this time." *Id.* at 17.

18. On March 3, 2016, Mr. Roberts sought clarification by calling the SSA at 1-800-772-1213 and was told that a decision on his widower's insurance benefits had not been made.

19. On April 18, 2016, Mr. Roberts inquired with the SSA regarding the meaning of the SSA's February 22, 2016 letter, the status of his application for widower's insurance benefits, and his intent to seek reconsideration and/or an appeal if the SSA had denied his application for widower's insurance benefits. *See id.* at 21.

20. On May 18, 2016, the SSA sent Mr. Roberts a letter stating: "This letter is in response to your April 18, 2016 inquiry requesting reconsideration on your claim for benefits on Mr. Bernard Wilkerson's Social Security record. We are sending your request to our Philadelphia Social Security Office (telephone 877-319-0727). Our representatives there will contact you and help you in any way they can." *Id.*

21. Mr. Roberts, thereafter, on numerous occasions, followed up with the Philadelphia Social Security Office by calling 877-319-0727. The Office always maintained that

Mr. Roberts' application was still under consideration and could not be granted at the present time.

22. On May 16, 2016, Mr. Roberts filed a Petition for Declaration of Common Law Marriage in the Philadelphia Orphans' Court. *See Estate of Bernard O. Wilkerson*, Case No. 500 DE 2016, Control No. 161651 (Phila. Orphans' Ct.).

23. Mr. Roberts named the SSA as an interested party and served a citation on the SSA to respond to his Petition. *Id.*

24. On June 30, 2016, Assistant U.S. Attorney David Degnan of the U.S. Attorney's Office for the Eastern District of Pennsylvania filed an appearance on behalf of the SSA. *Id.*

25. That same day, Mr. Degnan submitted a letter to the Orphans' Court, stating: "[U]ndersigned counsel for the Social Security Administration has informed counsel for the Estate of Bernard Wilkerson that it does not intend to file a response to the Petition. The Social Security Administration does not have any knowledge or information concerning the facts contained in the Petition and, therefore, is unable to show cause as to why the Petition should or should not be granted." Exhibit B.

26. On September 26, 2016, Mr. Roberts appeared before Judge George Overton of the Philadelphia Orphans' Court. After hearing testimony, Judge Overton granted Mr. Roberts' Petition. Exhibit A at 4.

27. Judge Overton's Order states: "It is DECLARED that John D. Roberts and Bernard O. Wilkerson entered into a valid and enforceable marriage under the laws of the Commonwealth of Pennsylvania on July 4, 1990 and remained married until the death of Bernard O. Wilkerson on December 22, 2015. Their marriage is valid and enforceable, and John

D. Roberts, as surviving spouse, is entitled to all the spousal rights and benefits that are afforded to legally married individuals under the laws of the Commonwealth of Pennsylvania." *Id.*

28.  After Judge Overton's ruling, the U.S. Attorney's Office for Eastern District of Pennsylvania issued the following statement:  "[N]either the U.S. Attorney's Office nor the Social Security Administration opposed Mr. Roberts' petition for declaration of common-law marriage.  **Now that the petition has been granted, any application by Mr. Roberts for Social Security death benefits will be processed and evaluated by the SSA in light of the court's order recognizing the validity of the common-law marriage between Mr. Roberts and Mr. Wilkerson.**  Both the SSA and the U.S. Attorney's Office are always guided by the decisions of the United States Supreme Court and that, of course, includes its ruling in *Obergefell* striking down bans on same-sex marriage."  Exhibit C at 2; *see also* Tim Cwiek, *Same-Sex Marriage Dating to 1990 Recognized by Court*, Philadelphia Gay News (Oct. 11, 2016).[1]

29.  On October 12, 2016, Mr. Roberts' counsel, M. Patrick Yingling, sent a letter via UPS and email to David Chen of the Philadelphia Social Security Office, informing Mr. Chen that a Pennsylvania court had recognized Mr. Roberts' marriage to Mr. Wilkerson dating back to July 4, 1990, and requesting that the SSA confirm Mr. Roberts' entitlement to benefits, including widower's insurance benefits.  Exhibit A at 1-3.

30.  That same day, Mr. Chen forwarded Mr. Yingling's letter to Andre Moore of the Philadelphia Social Security Office.  Exhibit D at 4.

31.  Between October 2016 and April 2017, Mr. Yingling repeatedly inquired with Mr. Moore regarding Mr. Roberts' application.  *Id.* at 1-5.

---

[1]  http://www.epgn.com/news/local/11135-same-sex-marriage-dating-to-1990-recognized-by-court (last visited May 25, 2017).

32. On April 4, 2017, Mr. Moore emailed Mr. Yingling to state that the SSA had not granted Mr. Roberts' application because "there has not been a policy interpretation ruling on PA Common Law Same-sex marriages." *Id.* at 1-2.

33. That same day, Mr. Yingling replied to emphasize that Mr. Roberts' marriage already had been recognized as valid by a Pennsylvania court and that the SSA was required under controlling law to recognize Mr. Roberts' marriage. *Id.* at 1.

34. As of the date of this filing, the SSA has not granted Mr. Roberts' application or otherwise indicated that it recognizes Mr. Roberts' marriage to Mr. Wilkerson dating back to July 4, 1990 to be valid.

### CONSTITUTIONAL CLAIM – U.S. CONSTITUTION, FIFTH AMENDMENT – DEPRIVATION OF EQUAL PROTECTION

35. Mr. Roberts incorporates by reference all of the preceding allegations of this Complaint as though fully set forth herein.

36. The Fifth Amendment provides that "[n]o person shall be … deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V.

37. "The liberty protected by the Fifth Amendment's Due Process Clause contains within it the prohibition against denying to any person the equal protection of the laws." *United States v. Windsor*, 133 S. Ct. 2675, 2695 (2013).

38. Here, the law provides that a Social Security benefits applicant is a "widower" if "the courts of the State in which such insured individual is domiciled at the time such applicant files an application, or, if such insured individual is dead, the courts of the State in which he was domiciled at the time of death … would find that such applicant and such insured individual were validly married at the time such applicant files such application or, if such insured individual is dead, at the time he died." 42 U.S.C. § 416(h)(1)(A)(i).

39. A Pennsylvania court has ruled that, at the time Mr. Wilkerson died, Mr. Roberts' marriage to Mr. Wilkerson dating back to July 4, 1990 was valid under Pennsylvania law. Exhibit A at 4.

40. But the SSA has not recognized Mr. Roberts' marriage. Instead, the SSA is treating Mr. Roberts differently from other applicants with State-recognized marriages, and it is doing so based on the fact that Mr. Roberts' marriage is a same-sex common law marriage. In other words, the SSA has created an exception to 42 U.S.C. § 416(h)(1)(A)(i) where the State-recognized marriage in question is a same-sex common law marriage.

41. No compelling, important, or rational reason exists for this discrimination against individuals in Mr. Roberts' class who have had same-sex common law marriages recognized by a State court.

42. Accordingly, the SSA's actions are in violation of Mr. Roberts' Fifth Amendment equal protection rights.

## REQUESTED RELIEF

43. Mr. Roberts respectfully requests that the Court grant the following relief:

a) Declare that Mr. Roberts' marriage to Mr. Wilkerson dating back to July 4, 1990, which is recognized as valid under Pennsylvania law, is valid for purposes of Mr. Roberts' application for Social Security benefits, including widower's insurance benefits.

b) Issue a writ of mandamus requiring the SSA to decide Mr. Roberts' application for Social Security benefits, including widower's insurance benefits, based on Mr. Roberts' July 4, 1990 marriage to Mr. Wilkerson.

c) Permanently enjoin the SSA from refusing to recognize same-sex common law marriages that are recognized as valid by a State court.

d) Award Mr. Roberts costs, disbursements, and reasonable attorneys' fees, including, without limitation, the costs and fees authorized by 28 U.S.C. § 2412.

e) Grant Mr. Roberts such other and further relief as the Court may find just, proper, and equitable.

Respectfully submitted,

M. Patrick Yingling (PA ID # 311786)
REED SMITH LLP
10 S. Wacker Dr., 40th Fl.
Chicago, IL 60606
Tel: (312) 207-2834
Fax: (312) 207-6400
mpyingling@reedsmith.com

*Counsel for Plaintiff John D. Roberts*

Dated: May 31, 2017